Esther Bogeinsky purchased the mortgaged premises subject to a $2,000 mortgage held by one Moskow. Wolf holds a second mortgage given by her to him. On January 10th, 1928, she conveyed the mortgaged premises to her son-in-law, Benjamin. On the 31st of that month she paid Moskow the amount due on his mortgage and had it assigned to Liss, and filed this bill to foreclose. Wolf claims that Mrs. Bogeinsky is the real owner of the property and the conveyance to her son-in-law a sham; that she in fact paid off the first mortgage and that the assignment to Liss, followed by the foreclosure, is a scheme to defeat his security. Special Master LaVecchia, to whom the matter was referred, found that the mortgage was paid by Mrs. Bogeinsky and reported that it should be canceled, to which complainant excepts. Mrs. Bogeinsky furnished Liss the money, $2,000, to take up the mortgage, and the proof is compelling that he holds it for her. Liss claims *Page 280 
the mortgage as his own, and that he took it as security for a debt. His story is that the late husband of Mrs. Bogeinsky owed him over $2,000; the precise amount he cannot give, and that shortly after his death, insolvent, Mrs. Bogeinsky gave him the money to buy the mortgage, to be held by him as security for his debt. Liss is a mechanic, earning $50 to $60 a week by his own labor; making, as he says, just a living. He does small jobs, has a shop, buys for cash and works for cash. He has no capital. He extends no credit for he needs his wage to live on. He keeps no books and the memorandum slips of his jobs are destroyed when he gets paid, which is always soon after the work is done. With this as a background he claims to have done five or six jobs of plumbing and steam fitting for Mrs. Bogeinsky's husband in his mill, at his home and in his garage during the years 1926-7 amounting to upwards of $2,000. He has no book record and the slips are destroyed. He cannot tell when the work was done, how much time he put in or how much material he used, nor the price of the jobs or how he reached the sum total. He has no explanation for doing the work without pay over so long a period or why the credit or how he sustained himself without his weekly income. He says he got a little money at times, and then denies it. He cannot say how much or how he got it. There is no explanation for taking the mortgage for security instead of the cash in payment when he had her $2,000 in hand except, and disingenuously, that Mrs. Bogeinsky said she had no money and would give him the mortgage. The complainant tenaciously stuck to his story that he was a creditor and held the mortgage as security for the debt, but the established facts refute it. It is incredible that one in his circumstances could afford and did extend the credit for so large a sum without at least some remonstrance, and he made none. The failure to preserve the flimsy records of his labor, a matter of supreme moment to him, lends discredit, and his explanation that he took the mortgage as security because Mrs. Bogeinsky had no money is artful if not worse. His failure to call upon Mrs. Bogeinsky, present at the hearing, to support his claim, and she knew as much about it as he did, is persuasive that, conscientiously, *Page 281 
she could not. Provident Inst. v. Sisters of the Poor, 87 N.J. Eq. 424.
The master's rejection of the complainant's claim to ownership of the mortgage is fully justified and approved, but his report that the mortgage should be canceled because it was paid by Mrs. Bogeinsky is incorrect. It should be subordinated to Wolf's mortgage. Whether as record or beneficial owner of the mortgaged premises, she has the right to retain it uncanceled, and use it as she desires, save to defeat Wolf's mortgage. She is Wolf's debtor on his bond and mortgage and is in conscience bound to pay the debt. She is the actual suitor here for relief and must do equity, seeking equity.
A sale under complainant's decree would exhaust the security. Wolf would then be entitled to recover at law on his bond, untrammelled by the limitations of the act of 1880. Comp Stat.p. 3421; Schmidt v. Frey, 86 N.J. Law 215.
Subordination of Mrs. Bogeinsky's mortgage may result in payment of the debt to Wolf, and avoid circuity of action; a practice favored both at law and in equity. Brewing Co. v.Clement, 59 N.J. Law 438; Rue v. Meirs, 43 N.J. Eq. 377.
There will be a decree to sell the property to pay Wolf first and then the complainant.
The exceptions are overruled and the master's report sustained with the modifications above noted.