Complainant, in January of 1930, was the owner of a parcel of land and premises situate in the city of Camden; negotiations were entered into by officers of the defendant S.S.C. Realty Company who were also officers of Radio Condenser Company, with William Linker and Benjamin Linker, officers of the complainant, for the purchase of these premises. During the negotiations, the Linkers were informed *Page 428 
that the defendant corporation S.S.C. Realty Company was to be organized and become the purchaser and grantee of the premises. As a result of these negotiations, a written agreement was entered into between the complainant and the defendant S.S.C. Realty Company, the new corporation, dated January 15th, 1930, under which agreement the complainant agreed to convey to that corporation, the premises in question, in consideration of $115,000, of which $10,000 was paid upon the execution of the agreement, $75,000 to be paid in cash at the time of the settlement, and the remainder of $30,000 to be secured by a bond and mortgage to Linker Realty Corporation, payable in five years from its date, under and subject to a first mortgage not exceeding $57,500 to be created by S.S.C. Realty Company. The agreement further provided for certain improvements, among which was a sprinkler system equivalent in efficiency to that now in the adjoining factory of the defendant Radio Condenser Company, the latter company being the proposed lessee for said premises, and the covering of the roof of the building with another asphalt coating. The settlement under the agreement was made by the Land Title and Guaranty Company, at which settlement the complainant was represented by its attorney, Basil Ziegler, who took some part in the negotiations leading up to the agreement, and from his testimony, it is quite clear that the complainant knew that the newly formed corporation, the defendant S.S.C. Realty Company, was to be the purchaser of these premises. At the settlement, the papers were examined and approved by the attorney of the complainant; there was delivered a deed made by complainant to S.S.C. Realty Company, for the premises, and at the same time there were executed two mortgages on the premises, a first mortgage of $57,500 to First Camden National Bank and Trust Company setting forth that it was given to secure the bond of both the defendants, S.S.C. Realty Company and Radio Condenser Company, which bond was executed by these two companies at that time, and a second mortgage from S.S.C. Realty Company to the complainant, to secure the bond of S.S.C. Realty Company in the sum of $30,000, being the mortgage now under foreclosure. This mortgage recited *Page 429 
that it was given to secure a part of the consideration for the conveyance and was under and subject to the first mortgage given to First Camden National Bank and Trust Company. The deed and both mortgages were placed on record on the day of the settlement, which was February 5th, 1930.
After the settlement, by lease dated May 9th, 1930, defendant S.S.C. Realty Company leased to defendant Radio Condenser Company, these premises, for the term of one year from that date at the annual rental of $18,000, which company has continued as a tenant in these premises since that time but at a reduced rental of $10,500 since the execution of a new lease commencing May 9th, 1932.
On March 19th, 1932, the complainant filed its bill to foreclose and afterward filed a petition for the appointment of a receiver for the collection of rents from the premises pending foreclosure. This petition came on for hearing before Vice-Chancellor Leaming. Between the time of the filing of this petition and the hearing thereon, the defendant Radio Condenser Company took over, by assignment, the mortgage held by the First Camden National Bank and Trust Company, and filed a bill to foreclose, and also filed a petition asking for the appointment of a receiver of rents; in that situation both of these petitioners were heard by Vice-Chancellor Leaming and on April 25th, 1932, he advised an order appointing a receiver in the foreclosure proceeding by the Radio Condenser Company. The filing of this order was delayed because of the objections of the solicitor of Linker Realty Corporation to the form of the order. After the resignation of Vice-Chancellor Leaming, the matter came before me and by stipulation the parties agreed that I should determine whether this order appointing a receiver should be filed, and I disposed of the matter by directing that the order be filed.
Prior to its acquisition of the first mortgage, a request was made on behalf of the defendant Radio Condenser Company, to the bank, to proceed with foreclosure proceedings on the first mortgage, the reason for that request being that the rents, in absence of such proceedings, would probably be applied on account of the mortgage indebtedness to the complainant instead of on the first mortgage. It was proposed *Page 430 
that the American National Bank of Camden should take over the first mortgage, but due to the need to make prompt disposition of the transaction, the Radio Condenser Company paid the money and took the assignment of the mortgage. Afterwards, this same mortgage was assigned by the latter company to the American National Bank of Camden, by assignment dated September 29th, 1932, and recorded on the day following.
The original bill filed by the complainant was a simple foreclosure bill naming only the S.S.C. Realty Company as defendant, without any reference to the first mortgage or the tenancy of the Radio Condenser Company. After the filing of the bill of the defendant Radio Condenser Company to foreclose the first mortgage, complainant herein filed an amended bill of complaint in which the Radio Condenser Company was added as a defendant, charging that under the circumstances the first mortgage held by the Radio Condenser Company, the principal of which had been reduced to $50,000, should be made subject to the complainant's mortgage. On the day when this matter came on for final hearing, complainant sought leave to further amend its bill of complaint which amendment, and the answers thereto, were filed after the case had been heard, and this cause is now taken up for decision upon these pleadings. In its bill as finally amended the complainant has set forth the transactions which took place among the officers of the complainant and the officers of the Radio Condenser Company leading up to the sale; it charges that by reason of the fact that the directors of the Radio Condenser Company were also directors of the S.S.C. Realty Company after its incorporation, and that these directors, viz., Stanley S. Cramer, Russell E. Cramer and Clarence S. Mayer, had purchased the stock of the S.S.C. Realty Company from checks paid to them by the Radio Condenser Company as dividends, and also by reason of the interlocking business dealings between the two companies, the Radio Condenser Company should be held to be the owner of these premises, and that these officers fraudulently manipulated and operated the S.S.C. Realty Company to deprive the complainant of the security of its mortgage. It is disclosed that *Page 431 
while the same stockholders and directors were in both the Radio Condenser Company and the S.S.C. Realty Company, one of the stockholders and directors, Clarence S. Mayer, died, and that thereafter and before any of these foreclosure proceedings were started, his interest in the S.S.C. Realty Company was represented by his son who was afterward elected a member of the board of directors of that company. After the death of Mayer, the interest of his estate in these two companies was in different proportions than that which existed prior to his death, due to retirement of certain stock of Radio Condenser Company through the payment of life insurance.
It is apparent that economic conditions affected the value of the premises under foreclosure, as well as their rental value, and considerable discussion was had among the directors of the S.S.C. Realty Company by reason of the Radio Condenser Company's desire for a reduction in the rent, which finally resulted in such reduction by the execution of a new lease, over the objection of Alexander Mayer representing his father's estate.
An endeavor has been made to show by its correspondence the way and manner in which the S.S.C. Realty Company was operated as related to the Radio Condenser Company, and by the numerous exhibits consisting of correspondence between the Linkers and the Radio Condenser Company with relation to certain matters called for in the original agreement, to show such a course of conduct as would amount to fraud in respect to the rights of the complainant, thus entitling the complainant to be put in a preferred position, so far as its mortgage is concerned, to the rights of the defendant, Radio Condenser Company, under the first mortgage assigned to it.
Without attempting to review in detail the evidence which came before me in an extended hearing, I have reached the conclusion that what took place between the officers of the S.S.C. Realty Company and the Radio Condenser Company in the handling of the affairs of these two companies, cannot be said to be of such a nature as would entitle the complainant to have its mortgage made prior in lien to the mortgage *Page 432 
now held by defendant Radio Condenser Company. The Linkers were fully cognizant of the transactions leading up to the sale of this property and of the matters which took place at the settlement to which I have already referred. The complainant never had any rights in its second mortgage which were not subordinate to the rights of the first mortgagee.
An effort was made to show that the complainant was not aware of the fact that the Radio Condenser Company was on the bond held by the first mortgagee, but this cannot be considered as a fact because there was a full disclosure of this circumstance at the time of the settlement. The mortgage itself, as I have already said, recited the execution of the bond; the papers were executed at the time of the settlement in the presence of complainant's officers and its attorney; there is nothing in the evidence so far as I can see which entitles the complainant to maintain or assert the claim that by reason of alleged deception and fraud practiced by the defendants, its second mortgage is entitled to rank ahead of the first mortgage. The Linkers, as well as the officers of the Radio Condenser Company, are keen business men; the Linkers had dealt extensively in real estate and knew what they were doing at the time of the sale and settlement for these premises. There is nothing in the case which would justify a finding that these two defendant corporations should be considered as one corporation in fact, and subordinating the mortgage of Radio Condenser Company to complainant's mortgage. The claim of complainant that there was a merger of the mortgage and the title to the real estate at the time the Radio Condenser Company took over the first mortgage, cannot be sustained by any evidence because there was never any intention that there should be a merger; the title to the premises was vested in the S.S.C. Realty Company and not in the Radio Condenser Company; the reasons for taking over the mortgage are perfectly apparent and perfectly proper. The Radio Condenser Company desired to protect itself because of its liability on the bond, and that effort I consider was entirely justifiable under the circumstances.
The complainant has cited the case of Liss v. WardHamilton, *Page 433 Inc., 104 N.J. Eq. 279, in support of its claim to priority of lien. The circumstances of that case are entirely aside from those in the present case. There a woman purchased real estate subject to an existing mortgage, and later created a second mortgage thereon; thereafter she acquired the first mortgage, but in the name of a third person who brought foreclosure proceedings. When her scheme was unmasked she was prevented from using the first mortgage to the detriment of the second mortgage which she had created. To entitle complainant in the case before me to similar relief would require me to find that the two defendant corporations are in effect but a single entity. That I cannot do.
The complainant sought to establish that certain payments by the S.S.C. Realty Company to Radio Condenser Company for certain repairs and improvements made to the premises, were not proper payments except upon the theory that both companies were in fact the same. I do not feel that at this time it is incumbent upon me to pass upon the details of these transactions covering the period from the time the property was purchased up until sometime after the foreclosure proceedings were started. Until after the premises are sold under the complainant's mortgage which I determine is subsequent in its lien and operation to the first mortgage, assigned first to the Radio Condenser Company but now held by the American National Bank of Camden, it cannot be determined that there will be a deficiency upon which the complainant would have a right to proceed against the S.S.C. Realty Company; it seems to me, therefore, that should it appear ultimately that an accounting should be made by the defendant Radio Condenser Company to S.S.C. Realty Company, about which I have considerable doubt, then such accounting could be made in aid of any deficiency judgment which the complainant might obtain. This matter of accounting can hardly be determined to be an issue in this case.
The complainant is entitled to a decree for the amount shown to be due on its mortgage, but the defendant Radio Condenser Company is entitled to have the bill dismissed so far as it affects the priority of the lien of the first mortgage. *Page 434